The Honorable Bruce Hawkins State Representative 211 East Church Street Morrilton, AR 72110-3419
Dear Representative Hawkins:
This is in response to your request for an opinion on the following question:
 Is a county liable for attorney fees of an elected official when the fees represent charges for legal council provided for the elected official when the official was sued as an individual but while performing the duties of his/her elected office?
It is my opinion that A.C.A. § 14-14-1207 (1987) may be cited in support of the quorum court's authorization of these expenses. That section requires the quorum court to authorize payment of "allowable expenses" that are non-discretionary. It further empowers the quorum court to authorize payment of "allowable expenses" that are discretionary. It must be noted in this regard that the term "allowable expenses" is not defined. It seems clear in this instance, however, based upon the facts presented in your correspondence, that the quorum court would be justified in finding these expenses "allowable." You indicate that although the sheriff was named individually, there was nothing in the lawsuit to indicate that he was acting outside of his official capacity. Summary judgment was granted to the sheriff. These facts would, in my opinion, generally support a finding that the attorneys' fees are allowable expenses.
It is therefore my opinion that the county may pay these fees. And because the sheriff was named officially and no facts were adduced to suggest that he acted individually, it is my opinion that the expenses would likely be deemed non-discretionary; that is, the incurrence of the expense was in all likelihood "not discretionary in the conduct of duties assigned by law." A.C.A. §14-14-1207(a). Thus, in my opinion, the county is probably liable for the fees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh